## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT M. GRAY, | : | CIVIL NO.: 1:20-cv-02323 |
| | : | |
| Plaintiff, | : | (Magistrate Judge Schwab) |
| | : | |
| v. | : | |
| | : | |
| KRISTINA L. PALMER, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OPINION
### October 25, 2021

### I. Introduction.

The plaintiff filed an amended complaint alleging that the defendant violated

his First Amendment rights.  Presently before us is a motion to dismiss the

amended complaint filed by the defendant.  For the reasons that follow, we will

grant the defendant's Motion to Dismiss the amended complaint, and we will not

permit the plaintiff leave to file a second amended complaint.

### II. Background and Procedural History.

On December 11, 2020, the plaintiff, Robert M. Gray ("Gray") filed a

complaint, alleging a violation of his First Amendment Rights. *Doc. 1.*  The

complaint named a single defendant: Kristina L. Palmer ("Palmer"). *Id.*  On

January 14, 2021, Defendant Palmer filed a motion to dismiss (*doc. 5*) for failure to

state a claim, and we granted Gray leave to file an amended complaint to respond

to the issues raised in Palmer's motion. *Doc. 22*.  On May 6, 2021, the parties have

consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c). On

May 24, 2021, Gray filed an amended complaint. *Doc. 23*.  Liberally construing

Gray's amended complaint, as we must with all *pro se* plaintiffs, we assume that

Gray intends to bring his First Amendment claim under 42 U.S.C. § 1983.  In his

amended complaint, Gray seeks $2,000,000 in damages, both for his distress and

for his non-economic damages, as well as interest and costs. *Id.* at 6.  Gray alleges

that Palmer, "as club manager" of the "American Legion Post 26," violated his

First Amendment rights in two ways. *Id.* at 3-5.  Gray alleges that Palmer did so,

first, by removing a petition to discuss "the number of bar stool [sic] and the

cramped conditions created" in the American Legion, and second, by "barring

[him] from discussing gambling with his fellow gamblers and by ignoring and

circumventing American Legion Article IV bi-laws: Section 2." *Id.*  Gray alleges

that these actions amount to the "purposeful denial of [his] Constitutional Rights to

Free Speech and to Petition." *Id.* at 4.  Finally, Gray believes that the "American

Legion is a quasi government organization that can Infringe on your free speech

rights." *Id.*

Palmer filed the instant motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6),[1] as well as a brief in support of her motion. *Docs. 25*, *26*.  Gray filed two briefs in opposition to the motion to dismiss, as well as a separate certificate of service. *See docs. 28-30*.  We will focus our analysis on Gray's most recent brief in opposition, which appears to be identical to the first brief but for a single minor correction. *Compare doc. 28*, *with doc. 30*.  Palmer did not file a reply brief, and the time to do so has long since passed.  The motion to dismiss is therefore ripe, and we will consider it below.

## III.  Pleading and Motion-to-Dismiss Standards.

In accordance with Fed. R. Civ. P. 12(b)(6), the court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  When reviewing a motion to dismiss under Rule 12(b)(6), "[w]e must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010).  In making that determination, we "consider only the

---

[1] While Palmer also mentions Fed. R. Civ. P. 12(b)(1) in her brief in support of her motion to dismiss, she entirely fails to argue why the amended complaint should be dismissed for lack of subject-matter jurisdiction. *See doc. 26*.  We will, therefore, analyze the motion to dismiss under Fed. R. Civ. P. 12(b)(6).

complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the [plaintiff's] claims are based upon these documents." *Id.* at 230.

"A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a)." *I.H. ex rel. D.S. v. Cumberland Valley Sch. Dist.*, 842 F. Supp. 2d 762, 769-70 (M.D. Pa. 2012).  "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).  The statement required by Rule 8(a)(2) must give the defendant fair notice of the nature of the plaintiff's claim and of the grounds upon which the claim rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Detailed factual allegations are not required, but more is required than "labels," "conclusions," or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).  "A complaint has to 'show' such an entitlement with its facts." *Id.*

In considering whether a complaint fails to state a claim upon which relief can be granted, the court "'must accept all facts alleged in the complaint as true and construe the complaint in the light most favorable to the nonmoving party.'"

4

*Krieger v. Bank of Am., N.A.*, 890 F.3d 429, 437 (3d Cir. 2018) (quoting *Flora v. Cty. of Luzerne*, 776 F.3d 169, 175 (3d Cir. 2015)).  But a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).  A court also need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Following *Twombly* and *Iqbal*, a well-pleaded complaint must contain more than mere legal labels and conclusions.  Rather, it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation.  In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim."  Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth."  Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (footnote and citations omitted) (quoting *Iqbal*, 556 U.S. at 675, 679).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers.'" *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## IV.  State Action Doctrine.

"Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor Sch. Dist.*, 422 F.3d 141, 146 (3d Cir. 2005). Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." *Id.* To establish a claim under § 1983, the plaintiff must establish a deprivation of a federally protected right and that this deprivation was committed by a person acting under color of state law. *Woloszyn v. Cty. of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005). The requirement that a defendant act under color of state law is essential in order to establish a claim under § 1983. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

"Action under color of state law 'requires that one liable under § 1983 have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Harvey v. Plains Twp.*

6

*Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (quoting *Abbott v. Latshaw*, 164 F.3d 141, 146 (3d Cir.1998)).  The Supreme Court has established a number of approaches to the question of when a private person acts under color of state law. *Crissman v. Dover Downs Ent., Inc.*, 289 F.3d 231, 239 (3d Cir. 2002).  The United States Court of Appeals for the Third Circuit has "outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) "whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state;" (2) "whether the private party has acted with the help of or in concert with state officials;" and (3) whether "the [s]tate has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (quoting *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir.1995)).  "The inquiry is fact-specific," *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995), and "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Assoc.*, 531 U.S. 288, 295 (2001) (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)).

With respect to the color-of-state-law requirement, any "actions of private citizens, without any showing of state action, do not give rise to a cognizable § 1983 claim." *Gonzalez v. Feiner*, 131 F. App'x 373, 377 (3d Cir. 2003).

**V. Discussion.**

Gray's amended complaint attempts to state a single claim for a violation of his First Amendment rights, and he mentions the "unconstitutional conditions doctrine" as a part of that claim. *Doc. 23* at 6.  Gray also asserts that the "American Legion is a quasi government organization that can Infringe on your free speech rights." *Id*. at 4.  Beyond these two bald assertions, Gray fails to allege any additional facts or information that establish the American Legion or Palmer as state actors.  Indeed, in his amended complaint and brief in opposition to Defendant's Motion to Dismiss, Gray merely concludes that the American Legion is a quasi-government organization but never provides any facts or argument regarding his assertion.  Gray's argument that Palmer or the American Legion are state actors is wholly undeveloped and is not a claim upon which relief may be granted.  Accordingly, Gray has not alleged sufficient facts to show entitlement to relief, and his complaint should be dismissed pursuant to Rule 12(b)(6).

"[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. County of Allegheny,* 515 F.3d 224, 245 (3d Cir. 2008).  The

court "must provide the plaintiff with this opportunity even if the plaintiff does not seek leave to amend." *Id.*  Here, Gray is seeking to bring constitutional claims against a private actor.  Courts have routinely found that the American Legion is not a state actor for the purposes of a §1983 claim. *See Robinson v. Am. Legion Post 193*, 2007 U.S. Dist. LEXIS 88530, at *7-8 (N.D. Fla. 2007) (finding that an American Legion Post is not a state actor for § 1983 purposes.); *see Meteraud v. Am. Legion*, 2007 U.S. Dist. LEXIS 44318, at *9-10 (Dist. Ct. S.C.) ("[t]here is no allegation that any state actor was involved in this alleged violation, or that the Legion may be considered a de facto state actor for these purposes."); *see Wright v. Am. Legion Dep't og Okla., Inc.*, 2021 U.S. Dist. LEXIS 131060, at *8-9 (N.D. Okla. 2021) (finding that the American Legion is a congressionally chartered corporation, but not a state actor). Under these circumstances, further leave to amend would be futile.

## IV. Conclusion.

In accordance with the above, on this **25th** day of **October, 2021**, we will order that Palmer's motion to dismiss (*doc. 25*) be granted, and we will dismiss Gray's amended complaint with prejudice.  A separate order shall follow.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge

9